LINDA WENDELL HSU   (SBN 162971)
SUNGJEE LEE         (SBN 246860)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099
Email:     lhsu@selmanbreitman.com
           slee@selmanbreitman.com

Attorney for Defendant
Scottsdale Indemnity Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE JONATHON WOOD and HEIDI COLLINGWOOD,<br><br>           Plaintiffs,<br><br>     v.<br><br>SCOTTSDALE INDEMNITY CO.; and DOES 1 to 100, inclusive,<br><br>           Defendants. | CASE NO.  CV 08 3335 NJV<br><br>**AMENDED STIPULATED PROTECTIVE ORDER/CONFIDENTIALITY AGREEMENT RE PRODUCTION OF DEFENDANT SCOTTSDALE INDEMNITY COMPANY'S DOCUMENTS IN RESPONSE TO PLAINTIFF WOOD'S NOTICE OF TAKING DEPOSITION AND FOR PRODUCTION OF DOCUMENTS** |

   Plaintiffs Clarence Jonathon Wood and Heidi Collingwood ("Plaintiffs") and Scottsdale Indemnity Company ("Scottsdale") hereby stipulate that documents within Scottsdale's custody and control responsive to Plaintiffs' Notice of Taking Deposition of James Hardina are subject to the terms and conditions of this Protective Order and Confidentiality Agreement (hereinafter "Agreement"):

///

1

**STIPULATED PROTECTIVE ORDER/CONFIDENTIALITY AGREEMENT -
CV 08 3335 NJV**

170462.1 380.25532

**RECITALS**

1. Plaintiff Heidi Collingwood sued Kimberly Holz Lindstrom, Ralph L. Lindstrom and Pamela W. Lindstrom for the wrongful death of her daughter Kayla Wood.  The action was entitled *Collingwood v. Lindstrom, et al.*, Humboldt County Superior Court, case number DR020419.

2. Plaintiff Clarence Jonathon Wood sued Kimberly Holz Lindstrom, Ralph L. Lindstrom and Pamela W. Lindstrom for the wrongful death of his daughter Kayla Wood.  The action was entitled *Wood v. Lindstrom, et al.*, Humboldt County Superior Court, case number DR020685.

3. The underlying actions brought by Plaintiffs were thereafter consolidated ("Underlying Action").

4. Ralph L. Lindstrom and Pamela W. Lindstrom obtained summary judgment in the Underlying Action and the action went forward against Kimberly Holz Lindstrom.

5. It is the understanding of the parties to this Agreement that Plaintiffs' claims against Kimberly Holz Lindstrom were adjudicated through trial in the Underlying Action.

6. Following adjudication of Plaintiffs' claims against Kimberly Holz Lindstrom, Plaintiffs sued Defendant Scottsdale in above-referenced action, *Wood, et al. v. Scottsdale Indemnity Company,* United States District Court, Northern District of California, Case Number CV 08 3335 NJV.

7. Plaintiffs seek damages for breach of contract and bad faith arising out of the Scottsdale policy issued to named insureds Ralph L. and Pamela W. Lindstrom.  Plaintiffs contend

1  that Kimberly Holz Lindstrom is an "insured" under the Scottsdale
2  policy issued to named insureds Ralph L. and Pamela W. Lindstrom.
3       8.   On April 14, 2009, Plaintiff Clarence Jonathon Wood
4  noticed the deposition of Scottsdale representative James
5  Hardina. (*See* Attachment "A" hereto.)  The deposition notice
6  includes a request for production of documents, including "[a]ny
7  and all claims handling manuals used, referred to or relied upon
8  by Scottsdale employees from the period of July 2004 to the
9  present".
10      9.   Based on the above Recitals, the parties to this
11 Agreement hereby submit this Stipulated Protective Order and
12 Confidentiality Agreement with request that this Court approve
13 it.

### DEFINITIONS

15      10.  When used in this Agreement, the terms "Party" and
16 "Parties" refer to the Plaintiffs and Scottsdale.
17      11.  When used in this Agreement, the term "*Wood* Action"
18 refers to the above-referenced action, *Wood, et al. v. Scottsdale*
19 *Indemnity Company,* United States District Court, Northern
20 District of California, Case Number CV 08 3335 NJV.
21      12.  When used in this Agreement, the term "Documents"
22 refers to all non-privileged, non-protected documents within the
23 custody and possession of Defendant Scottsdale which are
24 responsive to Plaintiff Clarence Jonathon Wood's Notice of Taking
25 Deposition of James Hardina and for the Production of Documents
26 and will be produced in accordance with the terms of this
27 Stipulated Protective Order and Confidentiality Agreement and

approval of this Court.  The Parties understand and agree that there are additional documents for which Scottsdale claims privilege or other protection which are not a part of this Agreement.

**TERMS & AGREEMENT**

13. The Documents produced by Defendant Scottsdale pursuant to this Agreement and Court Order approving this Agreement, shall be used only for the purpose of the prosecution, defense or settlement of this action and for no other purpose.

14. Documents produced pursuant to this Agreement and Court Order approving this Agreement, may be disclosed or made available only to the Court, to counsel for a Party, and to the "Qualified Persons" expressly designated below:

    A. A Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense or settlement of this Action;

    B. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this Action;

    C. Court reporter(s) employed in this Action;

    D. A witness at any deposition or other proceeding in this Action; and

    E. Any other person as to whom the parties in writing agree.

15. Before disclosing any matters identified herein to any "Qualified Persons" herein, counsel shall give such person a copy

of this Agreement and Court Order approving this Agreement and shall obtain from them a signed written certification in the following form:

> "I hereby acknowledge that I, [name], [position of employment], am about to receive confidential information supplied in connection with the litigation entitled *Wood, et al. v. Scottsdale Indemnity Company, et al.*, United States District Court, Northern District of California, Case Number CV 08 3335 NJV. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Agreement in this action, and that I have been given a copy, have read and understand the Agreement and agree to be bound by its terms. I understand that such information and any copies that I make of any documents as identified in that Agreement, or any notes or other records that may be made regarding any such matter, shall not be disclosed to any persons except as defined in the Agreement."

Each Party and each other Qualified Person that has agreed to be bound hereto by executing the above-written confirmation shall maintain a file containing the certification that said Party or said Qualified Person obtains pursuant to this Paragraph.

16. Nothing herein shall impose any restrictions on the use or disclosure by a Party of materials obtained by such Party

1   independent of discovery in this Action, whether or not such
2   materials were also obtained through Defendant Scottsdale's
3   production of documents in response to Plaintiff Clarence
4   Jonathon Wood's Notice of Taking Deposition of James Hardina and
5   for the Production of Documents, or from disclosing its own
6   Confidential Material as it deems appropriate.

7   17.  If any of the Documents obtained pursuant to this
8   Agreement and Court Order approving this Agreement are included
9   in any papers to be filed in Court, such papers shall be labeled
10  "CONFIDENTIAL – SUBJECT TO COURT ORDER" and filed under seal
11  until further court order of this Court.

12  18.  In the event that any Documents are used in any court
13  proceeding in the *Wood* Action, such Documents or any of them
14  shall not lose their confidential status through such use, and
15  the Party using such shall take all reasonable steps to maintain
16  their confidentiality during such use.

17  19.  This Agreement and Court Order shall be without
18  prejudice to the rights of the Parties: (a) to bring before this
19  Court at any time the question of whether any particular document
20  or information is confidential or whether its use should be
21  restricted; or (b) to present a motion to the Court for a
22  separate protective order as to any particular document,
23  including restrictions differing from those as specified herein.

24  20.  This Agreement and Court Order is entered solely for
25  the purpose of facilitating the exchange of documents and
26  information between the Parties to this Action without involving
27  the Court unnecessarily in the process.  Nothing in this
28

1  Agreement and Court Order nor the production of Documents under
2  the terms of this Agreement and Court Order nor any proceeding
3  pursuant to this Agreement and Court Order, shall be deemed to
4  have the effect of any admission or waiver by any Party or of
5  altering the confidentiality of the Documents or altering any
6  existing obligation of any Party or the absence thereof.  The
7  Parties specifically reserve the right to object to the
8  admissibility and use of the Documents.

9       21.  This Agreement and Court Order shall survive the final
10 termination of this Action, to the extent that the Documents do
11 not become known to the public, and the Court shall retain
12 jurisdiction to resolve any dispute concerning the use of such
13 Documents disclosed hereunder.

14      22.  Nothing in this Protective Order shall reduce the
15 production afforded to other documents produced in and testimony
16 and other information generated during the course of the *Wood*
17 Action by any other protective order entered.

19 DATED: May 19, 2009          SELMAN BREITMAN LLP

21                              By: /s/  Linda Wendell Hsu
                                    LINDA WENDELL HSU
22                                  SUNGJEE LEE
                                    Attorneys for Defendant
23                                  SCOTTSDALE INDEMNITY COMPANY

7
**STIPULATED PROTECTIVE ORDER/CONFIDENTIALITY AGREEMENT -
CV 08 3335 NJV**

170462.1  380.25532

```
DATED: May 19, 2009          THE LAW OFFICES OF DAVID DIBBLE


                             By:  /s/  David P. Dibble
                                 DAVID P. DIBBLE
                                 Attorney for Plaintiff
                                 CLARENCE JONATHON WOOD



DATED: May 19, 2009          THE LAW OFFICES OF ZACHARY ZWERDLING


                             By:  /s/  Zachary E. Zwerdling
                                 ZACHARY E. ZWERDLING
                                 Attorney for Plaintiff
                                 HEIDI COLLINGWOOD




IT IS SO ORDERED:

DATED: May 26, 2009

                             By: _____
                                 THE HONORABLE NANDOR J. VADAS
                                 United States Magistrate Judge
```

8

**STIPULATED PROTECTIVE ORDER/CONFIDENTIALITY AGREEMENT –**
**CV 08 3335 NJV**

170462.1  380.25532

Selman Breitman LLP
ATTORNEYS AT LAW